appeared that the respondent had recently paid the libellant above $400, as damages in a suit for a tort. SPRAGUE, District Judge, said that the practice of exempting seamen from giving security for costs, was founded on their presumed inability. Any other person may sue in the admiralty, without giving security, upon proof of inability; and a seaman may be required to give security. if his ability is proved. This libellant has had one hearing, without giving security, and now, upon his claiming an appeal, there is evidence tending to show his ability to give security. for costs, and he must stipulate with surety for such costs as the appellate court may decree, unless he prove himself unable to do so by satisfactory affidavits.

WHEATLEY (KEENE v.). See Case No. 7,-644.

WHEATON (BURKE v.). See Case No. 2,-164.

WHEATON (HARDING v.). See Case No. 6,051.

## Case No. 17,484.

WHEATON v. LOVE.

[1 Cranch, C. C. 429.] [1]

Circuit Court, District of Columbia. July Term, 1807.

DEPOSITIONS—NOTICE.

Under the law of Virginia respecting the taking of depositions, notice to the attorney at law of the opposite party is not sufficient.

Notice of taking a deposition under the Virginia laws, was given to E. J. Lee, attorney at law for the defendant.

E. J. Lee acknowledged service, but stated that he could not attend.

E. J. Lee now objected to the deposition, because notice to an attorney at law is not good under the laws of Virginia. Buddicum v. Kirk, 3 Cranch [7 U. S.] 297.

Mr. Swann. for plaintiff. became nonsuit; and THE COURT reinstated the cause on payment of the costs of the term. The deposition having been taken under the former decisions of this court that such notice was good. DUCKETT, Circuit Judge, contra. [Case No. 17,485.]

## Case No. 17,485.

WHEATON v. LOVE.

[1 Cranch, C. C. 451.] [1]

Circuit Court, District of Columbia. Nov. Term, 1807.

CONTINUANCES—DEPOSITIONS—CAPTIONS.

1. The court will not, on motion of the defendant, continue a cause because the costs of non pros. have not been paid.

[1] [Reported by Hon. William Cranch. Chief Judge.]

2. The party will not be permitted to give parol evidence of a cause of caption of a deposition. different from the cause stated by the magistrate who took the deposition; and if that cause be insufficient the deposition will be rejected.

THE COURT refused to put off the trial of this cause on account of the non-payment of the former costs; the cause having been reinstated on payment of costs. [Case No. 17,484.]

E. J. Lee. for defendant. objected to the deposition of J. McCanahan. taken under the act of congress. 1. The certificate does not state it to be a civil cause. but only in a suit. 2. It does not appear by the certificate that the witness lived more than one hundred miles from the place of trial; it only states that the deposition was taken at his office in the borough of Norfolk. which is more than one hundred miles from the place of residence of the defendant. It does not appear that the plaintiff's agent or attorney does not live within one hundred miles of the place of caption.

Mr. Swann, contra, contended that the omission of the magistrate to certify may be supplied by parol proof, and offered to prove that the witness lived more than one hundred miles from the place of trial, and that that was the cause of caption. although the magistrate had certified a different cause. The certificate of the judge is not conclusive. If the judge had delivered it into court. no certificate would have been necessary.

Mr. Jones, in reply. The party who introduces the deposition cannot give evidence to disprove what the judge certified. The certificate of the judge is made evidence by the judiciary act of 1789, § 30 (1 Stat. 73), of the reason of taking the deposition, and of the notice.

THE COURT (nem. con.) refused to receive the deposition. because the mayor of Norfolk, before whom it was taken, had not certified such a cause of caption as the law requires. The plaintiff became nonsuit; and upon his motion the cause was ordered to be reinstated on the 15th, if the whole costs should be paid before that time.

WHEATON (MILLER v.). See Case No. 9,-595.

## Case No. 17,486.

WHEATON et al. v. PETERS et al.

[33 U. S. (8 Pet.) 725.] [1]

Circuit Court, E. D. Pennsylvania. 1832. [1]

COPYRIGHT — ACQUISITION — DEPOSITING COPY OF BOOK—CONSTRUCTION OF STATUTES—EXISTENCE OF COMMON-LAW RIGHTS.

[1. The requirement in the fourth section of the act of 1790 (1 Stat. 125) that the author shall deliver a copy of his book to the secretary of state. to be preserved in his office. is not merely directory. but, especially since the pas-

[1] [Reversed in 8 Pet. (33 U. S.) 591.]